■ In the Matter of WILLIAM W. WIGGINGTON, as Administrator of the Estate of LILY M. WIGGINGTON, Deceased, Respondent, v MICHAEL BENTON et al., Appellants. [616 NYS2d 251] —In a judicial dissolution proceeding pursuant to Business Corporation Law § 1104-a, (1) Michael Benton, Fred H. Marcus, and Medidenta International, Inc., appeal from stated portions of an order of the Supreme Court, Queens County (Smith, J.), dated July 6, 1990, which, *inter alia,* denied that branch of their motion which was for summary judgment dismissing the fourth cause of action to recover damages for breach of fiduciary duty, and (2) Fred H. Marcus appeals from stated portions of an order of the same court dated August 19,

1993, which, *inter alia,* denied his motion to reargue the branch of his motion which was to dismiss the fourth cause of action, and granted leave to the petitioner to serve an "amended complaint".

Ordered that the appeals by Michael Benton and Medidenta International, Inc., are dismissed as academic, as they have settled the action pursuant to a stipulation of settlement; and it is further,

Ordered that the appeal by Fred H. Marcus from so much of the order dated August 19, 1993, as denied his motion to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the orders are affirmed insofar as reviewed; and it is further,

Ordered that the respondent is awarded one bill of costs, payable by the appellant Fred H. Marcus.

Leave to amend a complaint should be freely granted absent prejudice to the opposing party *(see,* CPLR 3025 [b]), unless the amendment is devoid of merit. In this case, the petitioner states a cognizable claim against the appellant to recover damages for legal malpractice and breach of fiduciary duty. Therefore, leave to amend was properly granted. Rosenblatt, J. P., Miller, Ritter and Santucci, JJ., concur.